FILED'08 OCT 14 16:25USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

JANINE CONNORS,

        Plaintiff,

              v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Commission,

        Defendant.

Civil No. 07-1430-CL

REPORT AND RECOMMENDATION

CLARKE, Magistrate Judge.

      Plaintiff Janine Connors brings this action pursuant to section 205(g) of the Social
Security Act, as amended (Act), 42 U.S.C. § 405(g), to obtain judicial review of the
Commissioner's final decision denying plaintiff's claim for social security disability insurance
benefits pursuant to 42 U.S.C. §§ 416 and 423.  For the several reasons set forth below, the
decision of the Commissioner should be reversed and the matter remanded for further
proceedings.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits alleging disability commencing December 1, 2002. (Tr. 14.) Her application was denied. Plaintiff requested a hearing, which was held before an Administrative Law Judge (ALJ) on December 14, 2006. Plaintiff appeared and testified, waiving the right to representation. A vocational expert also testified. On January 12, 2007, the ALJ rendered an adverse decision, and the Social Security Administration's Appeals Council (Appeals Council) denied plaintiff's request for review on August 1, 2007.

At the time of the hearing and the ALJ's decision, plaintiff was thirty-eight years old. Plaintiff has a high school education, through special education. The ALJ found that she has relevant past work experience as a commercial truck driver, gas station attendant, security guard, surveyor and retail sales clerk. (Tr. 21.) Plaintiff alleges disability as of December 1, 2002, based upon an injury to her left shoulder and a learning disability. The relevant medical evidence is discussed below.

## STANDARDS

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court considers the record as a whole and weighs "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d

771, 772 (9th Cir. 1986). Where the evidence is susceptible of more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardner, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Ceguerra v. Sec'y of Health & Human Servs., 933 F.2d 735, 738 (9th Cir. 1991). The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). However, even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984). Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

3 - REPORT AND RECOMMENDATION

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). In the present case, the ALJ found that the plaintiff had not engaged in substantial gainful activity during the period under review. (Tr. 16.)

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination thereof, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). In the instant case, the ALJ found that plaintiff has severe impairments of left, non-dominant shoulder regenerative joint disease, status post acromioclavicular (AC) joint surgical repair in April 2004, and a cognitive order not otherwise specified. He found she had non-severe impairments of depressive disorder, obesity, and cardiomegaly. (Tr. 16.) Accordingly, the inquiry moved to step three.

Step three focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. In this case, the ALJ found that plaintiff's impairments, either singly or in combination, were not severe enough to meet, or medically equal to, any of the listed impairments. (Tr. 16.)

In step four, the Commissioner determines whether the claimant has the residual functional capacity (RFC) to perform her "past relevant work." 20 C.F.R. § 404.1560(a). The RFC is based

4 - REPORT AND RECOMMENDATION

on all relevant evidence in the case record, including the treating physician's medical opinions about what an individual can still do despite impairments. SSR 96-8p. "Past relevant work" refers to work that "was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. § 404.1565(a). It does not consider "off-and-on" work during that period. Id.   If she can perform past relevant work, then the Commissioner finds the claimant "not disabled." If the claimant cannot perform past relevant work, the inquiry advances to step five. 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the ALJ found that plaintiff retains an RFC for greater than light exertion with vocational non-exertional limits. (Tr. 19.) The ALJ found that plaintiff could perform her past relevant work as a surveyor and in retail sales. (Tr. 21.) Further, he determined work as a small products assembler would also be appropriate. (Tr. 22.) Accordingly, the ALJ determined that the plaintiff was not disabled and thus it was not necessary to proceed to step five.

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed because it is not supported by substantial evidence and because it is based on the application of improper legal standards. Plaintiff argues that the ALJ erred by (1) improperly rejecting the plaintiff's testimony, (2) improperly rejecting several doctor opinions, (3) providing an incomplete hypothetical to the vocational expert, (4) improperly determining plaintiff could return to past relevant work, and (5) improperly relying on erroneous vocational expert testimony.

### 1. The ALJ Did Not Err in Rejecting Plaintiff's Subjective Allegations

The plaintiff argues that the ALJ improperly rejected her testimony. In rejecting a claimant's testimony, the Commissioner must perform a two stage analysis of plaintiff's evidence. Smolen v.

5 - REPORT AND RECOMMENDATION

Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); see also Cotton v. Bowen, 799 F.2d 1403 (9th Cir.

1986). First, a claimant must produce objective medical evidence of an underlying impairment that

could reasonably be expected to produce the pain or other symptoms alleged, also known as the

Cotton test. Smolen, 80 F.3d at 1281. Second, the claimant must produce objective evidence of an

impairment or impairments and show that the impairment or impairments could produce some

degree of the symptoms alleged. In addition, there must be no evidence of malingering. Id.

Here, plaintiff has produced objective evidence of impairments that could reasonably be

expected to produce some degree of symptoms, resulting in limitations. Plaintiff has complained

of pain in her left, non-dominant shoulder. (Tr. 20.) Her medical records indicate that some

shoulder pain may be the result of either low grade repetitive bursitis, viral capsulitis, or subdeltoid

bursitis. (Pl.'s Br. 4.) The ALJ did not find any evidence of malingering.

Under the second part of the analysis, the Commissioner analyzed the credibility of the

claimant's testimony regarding the severity of claimant's symptoms. Smolen, 80 F.3d at 1281. The

Commissioner can reject a claimant's symptom testimony only if he provides clear and convincing

reasons for doing so and makes specific findings. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.

1993). General findings are insufficient; rather, the ALJ must identify what testimony is not credible

and what evidence suggests that the testimony is not credible. Reddick v. Chater, 157 F.3d 715, 722

(9th Cir. 1998). The Commissioner cannot reject a claimant's symptom testimony solely because

it is not fully corroborated by objective medical findings. Cotton, 799 F.2d 1403.

> In determining a claimant's credibility the Commissioner may consider, for example:
> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for
> lying, prior inconsistent statements concerning the symptoms, and other testimony
> by the claimant that appears less than candid; (2) unexplained or inadequately
> explained failure to seek treatment or to follow a prescribed course of treatment; and

6 - REPORT AND RECOMMENDATION

(3) the claimant's daily activities. . . .  In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . .  Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The Ninth Circuit explains that the ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Once that determination is made, the court defers to the ALJ.  "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination."  Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

The plaintiff asserts that the ALJ's reasons are not clear and convincing and that they do not "demonstrate that Plaintiff does not experience the specific disability limitations."  (Pl's Reply Br. 15) (emphasis in original).  The plaintiff suggests that the ALJ's reasons are general and, therefore, insufficient.  Upon reviewing the record, however, the court disagrees.

On the whole, the ALJ concluded that the Plaintiff was "not entirely credible" because there was a "total absence of any further medical care for her non-dominant shoulder condition after October 2004. . . . and also because she had not complained of such extreme limitations to any treating physician." (Tr. 20.)

The ALJ points out questionable testimony at the hearing on December 14, 2006. Plaintiff explained that she had arthritis in her shoulder and as a consequence could not fire a gun, a requirement of past work as a security guard. (Tr. 351.) The ALJ questioned why there was nothing to indicate that she was receiving or seeking treatment for this shoulder pain after 2004. The plaintiff

7 - REPORT AND RECOMMENDATION

explained, "the doctor couldn't do anything else for me." Further, soon after plaintiff's application was denied reconsideration in 2005, she reported increased left shoulder pain and "even things like walking and bending are limiting because anything that jars her shoulder increases pain." (Tr. 20.) The ALJ did not find these explanations credible. Id.

Plaintiff argues that her medical record does support her assertion, specifically Dr. Switlyk's determination that her condition was "medically stationary." ( (Pl.'s Br. 15; Tr. 181.) "Medically stationary" means that "no further medical improvement would reasonably be expected from medical treatment or the passage of time." Or. Rev. Stat. § 656.005(17).

The Commissioner, however, points out that although the condition may be medically stationary, there may be other options for pain management or physical therapy to control the pain. Given the extent of pain that the plaintiff alleges, it is questionable that she would not seek some additional medical treatment to assuage the pain. (Def. Br. 7.) This is a reasonable conclusion that the ALJ may draw from these circumstances.

The ALJ also cited the plaintiff's daily activities, in conjunction with her allegations, as affecting her credibility. (Tr. 21.) The Ninth Circuit recognizes that a party claiming disability "should not be penalized for attempting to lead normal [life] in the face of [her] limitations." Reddick, 157 F.3d at 722 (omitted cases cited). "'Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.'" Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir.1987) (quoting Smith v. Califano, 637 F.2d 968, 971 (3rd Cir. 1981)). It is only where the level of activity is inconsistent with a claimed limitation that the activity has any bearing on credibility. Reddick, 157 F.3d at 722.

8 - REPORT AND RECOMMENDATION

As of December 2004, the plaintiff acknowledged that she was able to volunteer at the fire department, walk her dog, go fishing, camping, visit with neighbors, watch television, check email, and perform light household chores. (Tr. 160, 288.) The Commissioner admits that these activities do not indicate that the plaintiff can perform work activities but "they are inconsistent with her alleged level of impairment and would allow the ALJ to draw an adverse inference as to Plaintiff's credibility." (Def.'s Br. 8.)  Further, no significant abnormalities were discovered from clinical findings, x-rays, and MRIs to substantiate the constant pain she described. (Tr. 152, 289.)

The ALJ's credibility determination is further supported in the Physical Residual Functional Capacity assessment completed by Dr. Westfall, a State Agency non-examining medical consultant. She concluded, "[t]he severity or duration of the symptom(s), in [her] judgment, is disproportionate to the expected severity or expected duration on the basis of the claimant's medically determinable impairment." (Tr. 286-87.)

As set forth in Smolen, the ALJ can make a credibility determination based on "unexplained or inadequately explained failure to seek treatment" as well as her daily activities. 80 F.3d at 1284. The ALJ's interpretation here is a reasonable one and is supported by substantial evidence.  See Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). "When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the Commissioner." Batson v. Barnhart, 359 F.3d 1190, 1195 (9th Cir. 2004).

**2. The ALJ Did Not Improperly Reject Dr. Westfall's Opinion Regarding Lifting Limitations But Did Improperly Reject Her Opinion Regarding Occasional Overhead Reaching**

9 - REPORT AND RECOMMENDATION

Plaintiff argues that the ALJ improperly rejected Dr. Westfall's opinion regarding lifting and carrying limitations. (Pl.'s Br. 9.) Controlling weight will be given to a treating physician's opinion on the issues of the nature and severity of a claimant's impairment(s) if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989); 20 C.F.R. §§ 404.1527(e), 416.927(e); see also Montijo v. Secretary of HHS, 729 F.2d 599, 601 (9th Cir. 1984).

If the ALJ chooses to disregard a treating physician's or an examining physician's opinion, and that opinion is not contradicted by another doctor, he must set forth clear and convincing reasons for doing so. Lester, 81 F.3d at 830; Magallanes, 881 F.2d at 751; Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984). If a treating or examining physician's opinion is contradicted by that of another doctor, the ALJ must set forth specific and legitimate reasons, based on substantial evidence in the record, for disregarding the opinion of the treating or examining physician. Lester, 81 F.3d at 830-31; Nguyen v. Chater, 100 F.3d 1462, 1466, (9th Cir. 1996). The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting medical evidence, then stating his interpretation, and lastly making findings. Cotton, 799 F.2d at 1408; Rodriguez, 876 F.2d at 762.

Dr. Westfall conducted the plaintiff's Physical Residual Functional Capacity (PRFC) assessment in December 2004. She determined that plaintiff can (1) occasionally lift and carry 10

pounds with her left arm and 50 pounds with her right arm and (2) frequently lift and carry less than 10 pounds with her left arm and less than 25 pounds with her right.  (Tr. 284; see Pl.'s Br. 9)  The ALJ specifically agreed with the PRFC in the decision, but his application of this did not reflect this.[1] The ALJ determined that she can "lift and carry 20 pounds frequently and 40 pounds occasionally." (Tr. 21).  The ALJ does not explain how he came to this summary or give any evidence to support it.

Despite this error, the ALJ's hypothetical to the vocational expert (VE) accurately portrayed the plaintiff's limitation regarding her lifting and carrying ability because he limited the hypothetical person to lifting weight of 5 pounds with her left arm. (Tr. 353.)  Nevertheless, plaintiff argues that the hypothetical remains inconsistent with the medical evidence and that clear and convincing reasons are necessary to explain the difference. See Lester, 81 F.3d at 830-31.  Such reasons are not necessary because the ALJ did not disregard Dr. Westfall's assessment when he posed the hypothetical for the VE.  (Def.'s Br. 15.)  The ALJ included a smaller limitation in his decision; however, because he did not err in his question to the VE, the error in the written decision did not effect the ultimate determination.  It is commonsense to assume that if an individual can lift under ten pounds occasionally, she can perform a job that would require her to lift only five pounds occasionally.  The ALJ did not improperly reject Dr. Westfall's opinion regarding lifting capabilities.

The ALJ did improperly reject Dr. Westfall's opinion that Plaintiff should only engage in "occasional reaching . . . including overhead." (Tr. 285.)  The ALJ found that the Plaintiff should

---

[1] The ALJ specifically states,"[T]he undersigned has considered and concurs with the [PRFC] assessment rendered by the State Agency non-examining medical consultants on April 21, 2005." (Tr. 21.)  Dr. Westfall completed her assessment on December 28, 2004. (Tr. 287.)  Plaintiff's application was denied, and she applied for reconsideration.  Dr. Sharon Eder reviewed the PRFC on April 21,2005, and concluded that the decision should be affirmed.  (Tr. 289.)  The ALJ appears to be referring in agreement to both the assessment in December 2004 and the review in April 2005.

"avoid repetitive lifting and reaching" although he had unequivocally concurred with Dr. Westfall's PRFC assessment. (Tr. 21.) As plaintiff clearly explains in her brief, "not repetitive" and "occasional" are not synonymous. (Pl.'s Reply Br. 6.) While "repetitive" refers to the nature of how something is performed, "frequent" and "occasional" quantify the activity. The ALJ, however, gave no explanation for this change, let alone clear and convincing reasons. Lester, 81 F.3d at 830. The Commissioner argues that "[i]nherent . . . is that Plaintiff could not perform repetitive lifting and reaching, but she was able to perform occasional reaching and lifting consistent with Dr. Westfall's opinion." (Def. Br. 5-6.) The court rejects the Commissioner's explanation as it is unfair to expect the VE to assume the ALJ's intentions. The court determines that the ALJ erred in rejecting Dr. Westfall's opinion regarding overhead reaching.

### 3. The ALJ Did Not Improperly Reject the Opinion of Dr. Switlyk When the ALJ Determined That the Plaintiff Was Limited to Light Work

Plaintiff argues that the ALJ improperly rejected Dr. Switlyk's opinion that the plaintiff be limited to no more than sedentary work and be restricted from overhead reaching. (Tr. 21, 150; Pl.'s Br. 12.) The Dictionary of Occupational Titles (DOT) defines sedentary work as "[e]xerting up to 10 pounds of force occasionally and/or a negligible amount of force frequently . . . to life, carry, push, pull or otherwise move objects, including the human body. . . ." and light work as "[e]xerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or negligible amount of force constantly . . . to move objects. . . ." App. C.

The treating physician's opinion receives controlling weight so long as it is "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Further, an ALJ may disregard a physician's opinions by providing clear and convincing reasons for doing so. Lester, 81 F.3d at 830.

The ALJ determined that limiting the Plaintiff to no more than sedentary work and restricting her from overhead reaching are not consistent with the medical evidence of the record. (Tr. 21.) To support this determination, he noted that during the same period the plaintiff acknowledged doing housework, volunteering at the fire department, and enjoying activities of camping and fishing. (Tr. 21.) He also points out that no significant abnormalities were discovered from clinical findings, x-rays, and MRIs to substantiate the constant pain she described. (Tr. 289, 152.)

Other medical records suggest that light work, which was the ALJ's ultimate determination, is at least consistent with exertion abilities of the plaintiff's right, dominant shoulder. The RFC noted that the plaintiff could occasionally lift and/or carry 50 pounds with her right arm and frequently lift and/or carry 25 pounds with right arm, which corresponds to "light work," whereas the left arm was restricted to 10 pounds and less than 10 pounds respectively, which corresponds to "sedentary work." (Tr. 284.) See DOT, App. C.

Given the credibility determinations, which are in the ALJ's discretion, and the available medical records, the ALJ's explanation is clear and convincing as to why he rejected the sedentary limitation. His conclusion is reasonable.

### 4. The ALJ Did Not Improperly Reject the Opinion of Dr. Bald When the ALJ Determined the Plaintiff Was Not Restricted from Overhead Reaching

Plaintiff asserts that the ALJ completely disregarded Dr. Bald's opinion: "Mrs. Connors has some limitations related to . . . repetitive overhead use involving her non-dominant left shoulder." (Tr. 150.) The Social Security Administration has established a duration requirement for evaluating

13 - REPORT AND RECOMMENDATION

an individual's disability application: "unless your impairment is expected to result in death, it must

have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §

404.1509.

In his brief, the Commissioner explains that this portion of Dr. Bald's opinion was not

evaluated because the condition did not meet the duration requirement. (Def. Br. 5.) Dr. Bald's

opinion was "on a temporary basis" as evidenced by the fact that he qualified the limitations: "I

would expect and anticipate  . . .  her symptoms would improve fairly dramatically . . . over

approximately four to six weeks." (Tr. 150.)  The ALJ was thus not required to reject specifically

this opinion nor did he improperly ignore it.  Further, it was a temporary opinion given in 2003 and

was not intended to be indicative of the plaintiff's condition at the time of her application or at this

point of review.

## 4. The ALJ Provided an Inaccurate Hypothetical Question to the Vocational Expert

The ALJ's hypothetical question did not provide for all of the plaintiff's limitations.  The ALJ

may rely on the testimony of a vocational expert that is elicited with a hypothetical question that sets

forth all the limitations of the claimant. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  The

assumptions in the hypothetical question must be supported by substantial evidence.  Id.  The ALJ

may not incorporate limitations or restrictions that are not supported by the record.  SSR 96-8p.  A

hypothetical which fails to include all of a claimant's limitations does not constitute substantial

evidence.  Magallanes, 881 F.2d at 756.  The hypothetical must precisely and comprehensively set

out every physical and mental impairment of the applicant that the ALJ accepts as true.  "Substantial

evidence may be produced through reliance on the vocational expert's response to a 'hypothetical

question' but only 'if the question accurately portrays the [plaintiff's] individual physical and mental

impairments." Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987) (citing

Podedworny v. Harris, 745 F.2d 210, 218 (3rd Cir. 1984).

The hypothetical here was neither precise nor comprehensive. The ALJ determined that the

Plaintiff has the residual functional capacity (RFC) for "greater than light exertion with vocational

non-exertional limitations" and is limited to "simple, routine, unskilled type work" upon the evidence

in the record. (Tr. 19, 21.) He presented a hypothetical, 38 year old woman "with a 12th grade

education obtained in special education. . . . And this person is unimpaired with the ability to stand

or walk or sit, and . . . should also avoid jobs which would require reading, other than simple . . . a

sixth grade reading ability, with similar spelling." (Tr. 353.) Based on this scenario, the VE

determined that plaintiff can perform work as a sales attendant, research analyst, and small products

assembler. (Tr. 353.)

The ALJ's assessment that the plaintiff is limited to "simple, routine, unskilled type work"

does not clearly describe the plaintiff's limitations that he himself determined in his decision. (Tr.

16-19.) The ALJ determined that the plaintiff has a severe impairment, which the Social Security

Regulations describe as "cognitive disorder, not otherwise specified," and the record suggests that

the plaintiff has a learning disability. (Tr. 16, 292, 294; see 20 C.F.R. § 404, Subpart P, App. 1.)

The reference to her special education and her reading ability may not adequately describe the

plaintiff's cognitive limitations. Further, there is more than one interpretation to ALJ's "simple,

routine, unskilled work" conclusion. Plaintiff and Commissioner have debated the relative effect

of this choice of words. (Pl.'s Br. 10-12; Def. Br. 8-12; Pl.'s Reply Br. 5-6.)

Plaintiff argues that "simple" and "unskilled" have distinct and separate definitions for

occupational titles. She claims that "simple" limits her to work with, at most, reasoning level 02,

which is the ability to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT, App. C. Plaintiff asserts that she cannot return to her past relevant work in retail sales, as the VE concluded, because this work is neither routine nor simple, even though according to the DOT it is unskilled. (Pl.'s Br. 10; Tr. 353.) The retail sales position has a reasoning level of 03 that requires applying "commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form [and to d]eal with several concrete variables in or from standardized situations." DOT App. C. Plaintiff argues that this position is beyond her cognitive abilities. (Pl.'s Br. 12.)

The Commissioner asserts, however, that the Social Security Regulations describe unskilled work to include "simple duties." 20 C.F.R. § 404.1568(a). He also refers to a recent decision that warned of using DOT terms interchangeably with Social Security Act definitions. See <u>Meisel v. Barnhart</u>, 403 F.Supp.2d 981 (C.D. Cal. 2005). The Commissioner argues that the plaintiff is attempting to "add another requirement to unskilled work." (Def. Br. 12.)

It is not the place of this court to determine whether or to what extend the DOT terms and Social Security Act definitions correspond. Rather, the court believes that a more detailed, descriptive RFC would be appropriate. The ALJ should revise his RFC and then submit an accurate hypothetical question to the VE.

## 5. The ALJ Improperly Determined That the Plaintiff Could Return to Past Relevant Work and That There Were Jobs in the National Economy That the Plaintiff Could Peform

An ALJ may consult a VE to determine whether the Plaintiff can return to past relevant work. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756 (9th Cir. 1989). Past relevant work includes  work that "was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was

16 - REPORT AND RECOMMENDATION

substantial gainful activity." 20 C.F.R. § 404.1565(a). To be considered substantial gainful activity, the claimant's earnings must meet the requisite monthly earnings threshold. 20 C.F.R. § 404.1574(b)(2). For example, from January 1990 to June 1999, the earnings must exceed a $500/month threshold. Id.

The VE determined that past relevant work of surveyor and retail sales and the position of small products assembler would be appropriate for someone with the plaintiff's limitations, as presented in the hypothetical. According to the DOT, all three have exertion levels of "light". See DOT 050-067-014 Market Research Analyst I, 299-677-010 Sales Attendant, 706-684-022 Assembler, Small Products, I.

The plaintiff objects to all of these positions for several reasons. Generally, she asserts that she should be limited to sedentary work only, and thus she cannot perform any of these positions, which are classified as light exertion. (Pl.'s Br. 12.) As previously discussed, plaintiff argued that the ALJ improperly rejected Dr. Switlyk's evidence that would limit her to sedentary work only. The court has concluded that the ALJ did not improperly reject this testimony. The ALJ determination that the plaintiff is limited to light exertion is proper. See Sec. 3. The plaintiff is capable of performing work requiring a light exertion level.

In addition, she argues that these positions require reaching in excess of Dr. Westfall's expert advice of "occasional reaching." (Pl.'s Br. 10.) Defendant argues that the ALJ properly applied Dr. Westfall's opinion because of "commonsense reading of the ALJ's opinion" (Def.'s Br. 5); however, the court did not find this "commonsense reading" persuasive. See Sec. 2. There is not enough evidence in the record for the court to determine whether these jobs are appropriate for the plaintiff.

The record should be developed as to whether the plaintiff can perform work with repetitive reaching requirements.

As noted previously, plaintiff argues that she cannot return to past relevant work in retail sales because this work is neither routine nor simple, even though according to the DOT it is unskilled. (Pl.'s Br. 10; Tr. 353.) This has been addressed in Section 4, and the record should be developed accordingly.

Lastly, plaintiff argues that the surveyor position cannot be considered past relevant work because it was not substantial gainful activity. (Pl.'s Br. 13.)  Plaintiff earned only $681 in the first three months of 1998, approximately $227/month.  This falls below the $500 threshold set forth in the Social Security Administration Regulations.  See 20 C.F.R. § 404.1574(b).  The plaintiff addressed this point in her brief, and because the defendant raised no objections, the court assumes that defendant concedes this is not past relevant work.  (Pl.'s Br. 13, Pl.'s Reply Br. 3.)

## 6.  The ALJ Did Not Improperly Rely on VE Testimony

A "reasonable explanation" is necessary when there is an apparent unresolved conflict between VE's evidence and the DOT.  SSR 00-4p.  The ALJ may rely on the VE's testimony when it contradicts the DOT but only "insofar as the record contains persuasive evidence to support the deviation."  Light v. Social Security Administration, 119 F.3d 789, 793 (1997).

The ALJ asked several questions of the VE, including what work is appropriate for an individual with light and sedentary limitations.  The VE confirmed that the job of small products assembler would be appropriate for both limitations.  This is clearly inconsistent with the DOT, which describes the small products assembler position as light.  The ALJ gave no reasonable

explanation for this deviation nor did he support it with evidence, as required by Social Security Regulations. SSR 00-4p.

The ALJ, however, did not rely on this evidence to make his ultimate determination. While an ALJ is required to provide an explanation about inconsistencies when the evidence is relevant to his decision, the ALJ properly determined that the plaintiff is limited to light exertion and not sedentary exertion as she asserts. See Sec. 3. That the VE determined that these jobs are appropriate for sedentary exertion is immaterial to the ALJ's ultimate decision regarding disability. The ALJ properly considered the plaintiff's limitations that he accepted as true when he considered jobs that qualified as light exertion. He did not improperly rely on the VE evidence.

//

//

//

**Conclusion**

Because the ALJ did not properly apply the correct legal standards and because the decision is not based on substantial evidence, the Commissioner's decision must be reversed and remanded for further proceedings. The ALJ improperly rejected Dr. Westfall's opinion regarding occasional overhead reaching. In addition, he did not provide a complete, accurate hypothetical to the VE when he made his disability determination, and he improperly determined that the plaintiff could return to past relevant work.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir.

1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)).  Remand is appropriate where

further proceedings would be likely to clear up defects in the administrative proceedings, unless

the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to

the existing findings.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Schneider v.

Comm'r of Soc. Sec. Admin., 223 F.3d 968, 976 (9th Cir. 2000).

     In some circumstances, where the ALJ has improperly credited testimony or failed to

consider it, the Ninth Circuit has credited the rejected testimony.  See Smolen, 80 F.3d at 1292

(claimant's subjective symptom testimony, physicians' opinions, and lay testimony) (and cases

cited); Lester, 81 F.3d at 834 (treating and examining physicians' opinions).  However, in

Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the Ninth Circuit determined that the

"crediting as true" doctrine is not mandatory and the court has some flexibility in applying the

doctrine.  (Citing Dodrill, 12 F.3d 915; Nguyen, 100 F.3d 1462; Byrnes v. Shalala, 60 F.3d 639

(9th Cir. 1995); Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991), in which the courts remanded

for credibility findings).

     On this record, the Court exercises its discretion and remands for further proceedings.

See Stout, 454 F.3d at 1053-54, 1056-57 (remanding for further proceedings despite vocational

expert testimony that constant supervision is unacceptable in competitive employment); Connett,

340 F.3d at 876.

20 - REPORT AND RECOMMENDATION

### RECOMMENDATION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be reversed and the matter remanded for further administrative proceedings. The ALJ:

(1) Should review Dr. Westfall's opinion regarding the plaintiff's limitation to occasional reaching. He should either accept it as true, applying it accordingly in his RFC determination and in his instructions to the vocational expert, or he should properly reject it by presenting clear and convincing reasons.

(2) Should clarify his RFC determination that plaintiff is limited to "simple, routine, unskilled work" by describing the limitations posed by her severe impairment cognitive disorder not otherwise specified. Using the complete RFC, he should then provide an accurate hypothetical to the VE.

(3) Make a determination concerning plaintiff's disability application according to the new evidence.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by November 3, 2008. If objections are filed, any responses to the objections are due within 10 days, see* Federal Rules of Civil Procedure 72 and 6. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and

will constitute a waiver of a party's right to appellate review of the findings of fact in an order or

judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this _14th_ day of October, 2008.

MARK D. CLARKE

United States Magistrate Judge

22 - REPORT AND RECOMMENDATION